IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **WILLIS WALKER** § | |
| § | |
| **Plaintiff** § | |
| § | |
| **v.** § | Case No. 5:25-cv-32-RWS-JBB |
| § | |
| **JUDGE ADDISON, ET AL.** § | |
| § | |
| **Defendants** § | |

## ORDER

Before the Court is the Report of the United States Magistrate Judge recommending the denial of *in forma pauperis* status and dismissal of this action without prejudice. Docket No. 2. Plaintiff Willis Walker, proceeding *pro se*, filed this action alleging violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The named Defendants are State District Judge Jeff Addison, public defender Deborah Moore, and Bowie County.

Plaintiff asserts that the grand jury released him on March 4, 2025, so he should have gone home, but Judge Addison failed to sign off on it. Docket No.1. He also said that he should have been released in January of 2025, but officials failed to follow proper procedures in the indictment. *Id.* He stated that Moore said, "we will send him up to the grand jury with a plea of not guilty," which happened on March 4, 2025. *Id.*

The Magistrate Judge observed that Plaintiff has filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, rendering Plaintiff ineligible to proceed *in forma pauperis* unless he shows that he is in imminent danger of serious physical injury relating to the allegations of the complaint. 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Because Plaintiff did not pay the filing fee or

show imminent danger related to the allegations of the complaint, the Magistrate Judge issued the Report on March 26, 2025. Docket No. 2.

Plaintiff has not filed objections to the Report *per se*. Instead, on April 11, 2025, he wrote a letter to the Court largely repeating the allegations of the complaint. Docket No. 5. He claims that he went to the grand jury for "pre-indictment" on December 17, 2024, but the grand jury did not pre-indict him. *Id.* According to Plaintiff, Moore said that they were sending Plaintiff to the grand jury with a plea of not guilty which was returned as not guilty on January 8, 2025. *Id.*

Plaintiff says that prior to his incarceration, he suffered an injury to his lower back. He then suffered an injury in the holding cell—apparently requiring surgery—which has left him in considerable pain. *Id.* He says that he needs an MRI on his right side, but the medical provider at the jail will not respond to him or give him treatment for his pain. *Id.* Plaintiff says that he is 69 years old and has other medical problems as well, but "they do not care." *Id.*

Plaintiff's letter does not address the central issue in his case, which is that Plaintiff is precluded from proceeding *in forma pauperis* due to his history of filing lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. While Plaintiff does appear to argue that he has immediate medical needs, these are not related to the allegations of his complaint, which concern the legality of his confinement. Even construing Plaintiff's letter as objections, these show no basis for setting aside the Magistrate Judge's Report and Recommendation.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo*

review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 2) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff Willis Walker is denied *in forma pauperis* status for purposes of this lawsuit and that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but **WITHOUT PREJUDICE** as to the refiling of this lawsuit upon payment of the full $405.00 fee or proof of imminent danger related to the allegations of the complaint. The dismissal of this lawsuit does not affect any claims not raised herein, including any claims which Plaintiff may have concerning his medical care in the Bowie County Jail.

Should Plaintiff pay the full $405.00 filing fee within fifteen (15) days of the date of entry of final judgment, he shall be allowed to proceed in this case as though the full fee had been paid from the outset. In the event the filing fee is paid, the lawsuit will be subject to the normal process of screening for frivolousness or failure to state a claim under 28 U.S.C. § 1915A. It is further

**ORDERED** that any pending motions are **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 6th day of June, 2025.**

*[Signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE